PeaRSON-, C. J.
 

 "We concur with his Honor that upon the facts stated, the plaintiff was entitled to recover. In 1834, J. Newsom, under the deed of Matthews, having actual possession of the southern- part of the tract, had possession of the whole. He then-conveyed the middle part to Johnson, cutting the tract in. two, so as completely to separate the-southern part where his possession was, from the northern, part.. From the view we take of the case, it is not necessary to decide, whether the fact of his thus separating the two parts, had the effect of confining his- possession to the southern part, or whether he would still, be considered as being also in possession of the northern part by force of the deed of' Newsom; for, suppose-he-was still in. possession of both, parts,
 
 *101
 
 in 1845, he conveyed the southern part to the defendant, and no longer had any actual possession, so that he then had no ground on which to claim to be in possession of the northern part, unless he had title from which a possession would be inferred, and the case is narrowed to this : did he, in 1845., have title to the northern part?
 

 The deed from Ashman to Matthews was Sn 1823, and a continued possession under that deed up to 1845, would only ■make twenty-two years, which is not long enough
 
 to presume a grant.
 
 So the title was still in the State. In
 
 Reid
 
 v.
 
 Earn
 
 hart, 10 Ired. 516, it is said “ In England, a possession of sixty years is required, but the necessity ef the rule and its manifest good policy in a new settled country, induced our courts to shorten the time, and by successive decisions it has been reduced to 50, 40, 30 years, and an intimation is -made that it might be supported by 25 years.” Thus it is seen that twenty-two years is not long enough. As in 1845, J. Newsom had no title to the northern part, and had conveyed away the middle and southern parts, he had no possession whatever, and the effect of his making a deed to the defendant for the northern part in 184(3, conld, on no principle, extend the possession of the defendant in the southern part, which he held under the deed of 1845, so as to put him in possession of the northern part, which he claimed under the deed of 1846, because he claimed under two distinct deeds, and had no actual possession of the northern part, the title to which, was in the State, and there was, consequently, nothing to divest the title out of the State .until 1859, when the plaintiff obtained a grant.
 

 There is np error.
 

 P.Í5TB GuRJAM, Judgment affirmed.